**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTEN BURTON, individually and on behalf of
herself and all others similarly situated,

                                   Plaintiff,

v.

COMMERCIAL INVESTIGATIONS LLC,

                                   Defendant.

                                  1:25-cv-1740 (BKS/MJK)

---

**Appearances:**

*For Plaintiff:*
Jayson A. Watkins
Siri & Glimstad LLP
745 Fifth Avenue Suite 500
New York, NY 10151

*For Defendant:*
Matthew B. Johnson
Messer Strickler Burnette, Ltd.
49 West Jericho Turnpike #1004
S Huntington, NY 11746

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff Christen Burton, on her own behalf and on behalf of all others similarly situated,

filed this action against Defendant Commercial Investigations LLC, alleging violations of the

Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). (Dkt. No. 1). Plaintiff alleges

that the consumer report that Defendant generated concerning Plaintiff for a prospective

employer misleadingly included Plaintiff's criminal history beyond the ten-year look-back period

represented to be the subject of the report. Presently before the Court is Defendant's motion to

dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8). The motion is fully briefed. (*See* Dkt. Nos. 8-1, 14, 17). For the reasons that follow, Defendant's motion to dismiss is granted.

## II.    BACKGROUND

### A.    Facts[1]

Defendant Commercial Investigations LLC "produces background screening and other consumer reports for end users for employment purposes for a fee." (Dkt. No. 1, ¶ 19). St. Mary's Healthcare in Amsterdam, New York, is an "end user." (*See id.* ¶ 21). "[A] written agreement addressing the production of consumer reports exists between Defendant and St. Mary's which requires Defendant to produce reports that comply with the FCRA." (*Id.* ¶ 22). Defendant "recommends a 7-10-year search of applicant criminal histories for clients who request a consumer report for employment purposes." (*Id.* ¶ 32).

In September of 2025, Plaintiff Christen Burton "was offered employment with" St. Mary's. (*Id.* ¶ 23). That same month, Defendant "subsequently provided St. Mary's with a consumer report concerning Plaintiff [(the "Consumer Report")] for employment purposes[.]" (*See id.* ¶ 24). The Consumer Report "represented that the criminal history search concerning Plaintiff was limited to the last ten years[,]" and that "only criminal history from 2015 through 2025 will be included." (*Id.* ¶¶ 27, 29). However, the Consumer Report included Plaintiff's criminal history for the years 2000 through 2007. (*Id.* ¶ 26). Plaintiff "does not have any criminal history within the ten-year search period that Defendant represented would be searched and provided in the consumer report." (*Id.* ¶ 30). The Report includes "multiple pieces of unfavorable

---

[1] These facts are drawn from the Complaint. (Dkt. No. 1). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

information regarding Plaintiff" preceding the ten-year search period. (*See id.* ¶ 34)."Plaintiff's job offer was withdrawn after St. Mary's received a copy of the consumer report produced by Defendant." (*Id.* ¶ 25). "Upon information and belief, St. Mary's employs individuals who have a criminal history preceding the 7-10[-]year look back period." (*Id.* ¶ 39).

### B.    Materials Outside the Complaint

Defendant attached an affidavit with a copy of Plaintiff's September 2025 Consumer Report to its motion to dismiss. (*See* Dkt. Nos. 8-2; 8-3). Defendant cites the Report in support of its motion to dismiss, (*see, e.g.,* Dkt. No. 8-1, at 13), and Plaintiff cites the Report in support of her opposition brief, (*see* Dkt. No. 14, at 13). However, the Complaint itself does not include a copy of the Consumer Report.

"A complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "A document is incorporated by reference if the complaint makes, 'a clear, definite and substantial reference to the document[ ].'" *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 608 (E.D.N.Y. 2017) (quoting *McLennon v. City of N.Y.*, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016)).

"Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Nicosia*, 834 F.3d at 230 (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). "[E]ven if a document is 'integral,' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir.

2006). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia*, 834 F.3d at 231 (quoting Fed. R. Civ. P. 12(d)).

Here, while Plaintiff did not attach the Consumer Report to her Complaint, her allegations refer repeatedly to the contents of the Report, and her claim is based upon the Report. (*See generally* Dkt. No. 1). Moreover, Plaintiff does not dispute the authenticity or the relevance of the Report provided by Defendant and even cites it in her opposition brief. (*See* Dkt. No. 14, at 13). The Court accordingly finds that the Consumer Report is integral to the Complaint, and that it may be considered on this motion to dismiss.

### C.      The Consumer Report

Under "Order Information," the Consumer Report identifies "Hits" in two areas: "NY Checked, NY for Christen Allene Burton," and "State Criminal in NY years:10 for Christen Allene Burton[.]" (Dkt. No. 8-3, at 9). In the section of the Report titled "State Criminal in NY Years:10 For Christen Allene Burton," there are five entries indicating five different criminal charges. (*Id.* at 13-17). Each charge includes the arrest date, the plea, the crime of conviction, and the disposition date. (*Id.*). All five entries reflect a "guilty" plea. (*Id.*).

Each criminal offense also includes a "comments" section, which appears to indicate the sentence Plaintiff received. (*Id.*). The earliest disposition date was in 2000, and the entry indicates Plaintiff received a three-year conditional discharge. (*Id.* at 13). Another disposition in 2002 shows that Plaintiff received ninety days of imprisonment. (*Id.* at 14). The third disposition in 2004 shows that Plaintiff received a fine and was "resentenced" to thirty days of imprisonment. (*Id.* at 15). The last two disposition dates are June 11, 2007, and June 27, 2007. (*Id.* at 16-17). Plaintiff was sentenced to "time served," a one-year conditional discharge, and

4

"restitution" for the June 11 disposition, and 60 days of imprisonment, a one-year conditional discharge, and restitution for the June 27 disposition. (*Id.*).

## III.   STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See *EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009).

## IV.   DISCUSSION

Defendant's sole argument for dismissal is that the Report "is neither inaccurate nor misleading." (Dkt. No. 8-1, at 9). Defendant argues that, because the Report "includes Plaintiff's convictions and clearly discloses the dates of each conviction[,]" a reasonable reader would not be "left with the impression that Plaintiff's convictions occurred during the past ten years." (*Id.* at 16). Plaintiff does not challenge the accuracy of the criminal conviction information. (Dkt. No. 14, at 11). She argues that the Report is misleading because a "reasonable reader" is left with multiple interpretations, "including that: (i) Defendant's criminal history search period is actually longer than its stated ten years; (ii) the criminal offenses referenced therein were actually committed by Plaintiff within the last ten years; (iii) the criminal offenses referenced therein

remained active within the last ten years; and (iv) the criminal offenses referenced therein relate to an individual other than Plaintiff or otherwise appear in error." (Dkt. No. 14, at 12-13).[2]

"The FCRA requires: 'Whenever a consumer reporting agency [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023) (quoting 15 U.S.C. § 1681e(b)). "A consumer harmed by a CRA's failure to follow such reasonable procedures may bring a civil action against the CRA." *Id.* "[T]he threshold question is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Khan v. Equifax Info. Servs., LLC*, No. 18-cv-6367, 2019 WL 2492762, at *2, 2019 U.S. Dist. LEXIS 100119, at *6 (E.D.N.Y. June 14, 2019) (citation omitted). "[T]he overwhelming weight of authority holds that a credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (quoting *Khan*, 2019 WL 2492762, at *3, 2019 U.S. Dist. LEXIS 100119, at *6-7). *See also Claybrook v. CARCO Grp., Inc.*, No. 25-cv-0162, 2026 WL 74131, at *4, 2026 U.S. Dist. LEXIS 4624, at *10-11 (E.D.N.Y. Jan. 9, 2026) (denying motion to dismiss § 1681e(b) claim where plaintiff "plausibly allege[d] that a reasonable reader, such as his intended employer, may have responded differently" where consumer report included disposition of "guilty" but omitted that plaintiff received a "suspended imposition of sentence").

---

[2] Plaintiff concedes that § 1681e(b) "does not, by itself, prohibit the inclusion of 'older' arrest records." (Dkt. No. 14, at 13-14).

"Although [t]he question of whether information that is 'technically correct' is materially misleading is generally a matter for the jury to decide, where the parties provide the reported information in dispute and the court determines only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law." *Boyer v. TransUnion, LLC*, No. 21-cv-00918, 2023 WL 1434005, at *4, 2023 U.S. Dist. LEXIS 16646, at *9 (D. Conn. Feb. 1, 2023) (internal quotation marks omitted) (quoting *Gibbs v. Trans Union LLC*, No. 21-cv-00667, 2021 WL 4439546, at *2, 2021 U.S. Dist. LEXIS 185094, at *5 (E.D. Pa. Sept. 28, 2021), *aff'd*, No. 22-1075, 2023 WL 193157, 2023 U.S. App. LEXIS 1341 (3d Cir. Jan. 4, 2023)); *see also Lamando v. Rocket Mortg.*, No. 23-cv-147, 2024 WL 264034, at *5, 2024 U.S. Dist. LEXIS 12277, at *12 (N.D.N.Y. Jan. 24, 2024). "'Mere imprecision' is not enough." *Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021) (citation omitted) (granting motion to dismiss where plaintiff argued that report stating account had "Pay Status" of "30 Days Past Due" was materially misleading because it had been transferred to another lender and he was no longer obligated to make payments; report also said account was closed and had a $0 balance, so the only logical inference was that account "was *previously* 30 days past due").

Here, as Defendant concedes, the Report's language—"State Criminal In NY Years:10"—is "not particularly clear[.]" (*See* Dkt. No. 17, at 5). But it does not follow, as Plaintiff argues, that a "reasonable reader" is left with "multiple interpretations" of the information contained within the Report. (*See* Dkt. No. 14, at 12-13). It is true that, if a would-be employer read only the "Order Information" page of the Report, the employer might think that Plaintiff committed a criminal offense within the last ten years. (*See* Dkt. No. 8-3, at 9). But in the body of the Report, all of the convictions clearly indicate a disposition date of more than ten

years ago. (*See id.* at 13-17). *C.f. Gross*, 512 F. Supp. 3d 423, 426–27 ("If a creditor read the 'Pay Status' entry in isolation, the creditor might conclude that the account was currently past due. But when the creditor read the rest of the entries, the creditor would surely forego that conclusion."). There is no reason that a reader would conclude that "the criminal offenses referenced therein were actually committed by Plaintiff within the last ten years[.]" (*See* Dkt. No. 14, at 12-13). Nor does Plaintiff plausibly allege facts supporting her contention that a reasonable reader would think the offenses "remained active within the last ten years"[3] or "relate to an individual other than Plaintiff or otherwise appear in error." (*See* Dkt. No. 14, at 12-13).[4]

Because the Consumer Report, when read as a whole, is susceptible to only one reasonable interpretation, Plaintiff has failed to show that the Report is "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *See Shimon*, 994 F.3d at 91. Accordingly, Plaintiff has failed to state a claim under § 1681e(b), and Defendant's motion to dismiss is granted.

## V.    LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). Rule 15(a)(2) requires that a court "freely give leave when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d

---

[3] The Court notes that none of the "comments" beneath each criminal offense indicate that Plaintiff would have been incarcerated, on parole, or otherwise subject to a conditional discharge beyond the year 2008.

[4] Plaintiff's argument that the inclusion of older criminal offenses "causes a reasonable reader to lack trust in the Consumer Report's criminal history search period and overall content" fails for the same reasons. (*See* Dkt. No. 14, at 14 n.5). That the Report may be imprecise in some respect is not enough to establish that the Report is "misleading." *See Gross*, 512 F. Supp. 3d at 426. *C.f. Lamando*, 2024 WL 264034, at *8, 2024 U.S. Dist. LEXIS 12277, at *20 ("[A]s a matter of law, the Court's task is to consider whether the information is inaccurate or misleading, not to look for ways that the information might be *more accurate*." (quoting *Holland v. TransUnion LLC*, 574 F. Supp. 3d 292, 300 (E.D. Pa. 2021))).

Cir. 2007). But a court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (quoting *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021). A request to amend is futile where the problem with the claim is "substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, Plaintiff "requests an opportunity to amend her Complaint to cure any alleged pleading deficiencies." (Dkt. No. 14, at 15 n.9). Plaintiff has not suggested how she would amend the Complaint, and the Court is skeptical as to whether Plaintiff will be able to correct the deficiency identified in this decision. However, in light of the fact that Plaintiff has requested leave to amend and has not yet had an opportunity to amend, the Court will permit amendment of the Complaint.

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 8) is **GRANTED**, and the complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this Order, this case will be closed without further order.

**IT IS SO ORDERED.**

Dated: <u>August 5, 2026</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

9